**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

DEARBORN MID-WEST
COMPANY, LLC and DEARBORN
HOLDING COMPANY, LLC,

                Plaintiffs,

v.

                                       Case No. 22-12114

F M SYLVAN, INC. et al.,

                Defendants.

_____/

**OPINION AND ORDER DENYING IN PART PLAINTIFF'S "EX PARTE MOTION FOR
TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION,"
DIRECTING SERVICE, AND SETTING IN-PERSON CONFERENCE**

Plaintiffs Dearborn Mid-West Company and Dearborn Holding Company, LLC,

bring this action for violations of the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § §§

1836 *et seq.*, the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq.*, the

Michigan Uniform Trade Secrets Act, Mich. Comp. Laws § 445.19021 *et seq.*, as well as

breach of contract, common law unfair competition, statutory and common law

conversion, and civil conspiracy. (ECF No. 1, PageID.23-47.) The verified complaint

alleges that between February and August 2021, Defendant Sylvan hired away

Defendants Stephen Dorchak, Ernest Pandolfi, and Ibrahim Eid, who were "key"

employees at Plaintiffs' business—which provides conveyor systems that the "Big

Three" automakers use in their factories to assemble vehicles. Defendant Sylvan is a

direct competitor to Plaintiffs. Defendants Dorchak, Pandolfi, and Eid signed non-

compete/confidentiality agreements while employed with Plaintiffs.

Plaintiffs allege that "in the spring of 2022" employees witnessed Sylvan installing "material handling systems that are identical to the products fabricated and installed by [Plaintiffs]" in an automotive plant where Sylvan had beat out Plaintiff for a $30 million dollar contract. (*Id.*, PageID.22-23.) Because it would ordinarily "takes years, if not decades, to develop materials handling systems, solutions, and processes that are comprehensive and sophisticated enough to meet the needs of OEMs," Plaintiffs "became suspicious" that Defendants had stolen and misused their trade secrets. (*Id.*) Plaintiffs alleged that these suspicions were confirmed when a July 2022 external "forensic audit" of Dorchak, Pandolfi, and Eid's old computers confirmed that they had collectively "copied. . .  thousands of files containing" confidential and trade secret information by transferring them to external drives and forwarding emails to their personal accounts before leaving their previous positions. (*Id.*, PageID.23, 27.) The copied documents allegedly included "pricing data and technical specifications for DMW's most important products." (*Id.*, PageID.3.)

Plaintiffs have filed an "Ex Parte Motion for Temporary Restraining Order ["TRO"] and Preliminary Injunction." (ECF No. 2.) It seeks to immediately enjoin and restrain Defendants from using Plaintiffs' confidential and trade secret information, and seeks an order requiring that Defendants search for any confidential and trade secret information and turn over a number of electronic devices for inspection.

The court has read the record in this case and is not satisfied that the complaint alleges sufficiently irreparable harm. The court will accordingly deny Plaintiffs' motion for a TRO, and will hold in abeyance pending further proceedings—including service of the complaint—the request for a preliminary injunction.

The stringent requirements for issuance of a TRO under Federal Rule of Civil Procedure 65(b) signify that TROs are extraordinary remedies that "run[] counter to the notion of court action taken before reasonable notice and opportunity to be heard has been granted to both sides of a dispute." *Granny Goose Foods v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974). A plaintiff must "clearly show that immediate and irreparable injury, loss, or damage will result . . . before [Defendants] can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Specifically, the court must consider four factors: "(1) [W]hether [Defendant] has a strong likelihood of success on the merits, (2) whether [Defendant] would suffer irreparable injury absent a stay, (3) whether granting the [relief] would cause substantial harm to others, and (4) whether the public interest would be served by granting the [relief]." *Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008) (quoting *Ne. Ohio Coal. for Homeless and Serv. Emps. Int'l Union v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006)). "For example, the probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury the movants will suffer absent the [TRO]." *N.E. Ohio Coal. for the Homeless v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006) (citations omitted)

Here, Plaintiffs lay out what appears to be a strong case for their underlying claims, but Plaintiff has not shown that "irreparable injury [will result] absent a stay." *Brunner*, 543 F.3d at 361. First, the court notes that the timing of the allegations in this action do not point to a situation where such quick intervention is warranted that the court cannot wait until a preliminary injunction hearing to address the matter. The Defendants have already been working for Plaintiffs' competitor for over a year, and Plaintiff's own complaint suggests it knew or should have known that Plaintiff was

3

copying its products by "the spring" of 2022. Plaintiff's motion argues that Defendants have stolen Plaintiff's price lists and may be using the info to undercut Plaintiffs' bids. This is a concerning allegation, but Plaintiff presents no indication that such a completive bid is pending, and the court notes that, given the current inflationary environment,[1] pricing information from early 2021 may be of relatively little value at this juncture.

Second, the complaint indicates that, in addition to injunctive orders in various forms, Plaintiffs specifically seek "an [a]ward [of] monetary damages to compensate Plaintiffs for the financial harm they have suffered as a result of" Defendants' alleged conduct including "exemplary damages in an amount not more than two times the amount of *compensatory* damages" as well as an "award [of] Plaintiff attorneys' fees and costs." (ECF No. 1, PageID.51 (emphasis added).) With that, Plaintiff indicates with sufficient clarity that the damages sought are, in fact, measurable in money, and that the injuries complained of are commensurately reparable.

For those reasons, based upon and limited to the facts averred in the instant Complaint and Motion, Plaintiff fails to establish that "immediate and irreparable injury, loss, or damage will result . . . before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Accordingly,

IT IS ORDERED that Plaintiff's "Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction" (ECF No. 2) is DENIED IN PART. It is DENIED with

---

[1]     *See* Gwynn Guilford, *U.S. Inflation Eased Slightly to 8.5% in July*, Wallstreet J., (Aug. 10, 2022), https://www.wsj.com/articles/us-inflation-july-2022-consumer-price-index-1660077986 [https://perma.cc/TDF3-X4F2].

respect to the request for a TRO. The request for a preliminary injunction will be held in abeyance pending service of Defendants.

IT IS FURTHER ORDERED that Plaintiff is DIRECTED effectuate proper service on Defendants by **September 11, 2022.** Plaintiff's shall include a copy of this opinion when effecting service on Defendants and is DIRECTED to file proof of service on the docket forthwith. The court will conduct an in-person conference on **September 13th, 2022 at 10am,** or sooner if the parties so request.

s/Robert H. Cleland                         /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  September 8, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 8, 2022, by electronic and/or ordinary mail.

s/Lisa Wagner                               /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\AAB\Opinions and Orders\Civil\22-
12114.DEARBORNMIDWEST.ExParteMotionforTemporaryRestrainingOrderandPreliminaryInjunction.AAB.docx