# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DEARBORN MID-WEST
COMPANY, LLC, and DEARBORN
HOLDING COMPANY, LLC,

           Plaintiff,

v.

F M SYLVAN, INC., STEPHEN
DORCHAK, ERNEST PANDOLFI,
and IBRAHIM EID,

           Defendants.

Case No. 22-cv-12114-RHC-EAS

Hon. Robert H. Cleland

## **STIPULATED PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and the below stipulation of the parties, IT IS HEREBY ORDERED THAT:

1. This Stipulated Protective Order ("Order") shall govern all party and non-party discovery authorized by the Federal Rules of Civil Procedure including documents, electronically stored information ("ESI"), responses to subpoenas, depositions, deposition exhibits, interrogatory responses, responses to document requests, responses to requests for admission, court testimony, matters of evidence, and other disclosed information (collectively, "Discovery Material") produced or disclosed by any party or nonparty (the "Producing Party") in connection with this litigation.

2. Any Producing Party may designate any Discovery Material as "Confidential" if such party, in good faith, believes such Discovery Material

{39301/2/D1756613.DOCX;4}

contains proprietary information of the Producing Party, including trade secrets or other confidential, non-public technical information, research and development information, patent applications, trademark applications, commercial, financial, budgeting and/or accounting information, information about existing customers, marketing studies, performance and projections, business strategies, decisions and/or negotiations, personnel compensation, evaluations and other employment information, as well as confidential and proprietary information about affiliates, parents, subsidiaries and third parties with whom the Producing Party has or has had a business relationship.  The "Confidential" category shall be invoked by a Producing Party only relative to Discovery Material that contains information reasonably believed to fall within the definition of protectable information under Fed. R. Civ. P. 26(c). A party to this action may also designate Discovery Material produced by third parties as "Confidential" if it meets the requirements of this paragraph as to that party.

3. Any Producing Party may designate any Discovery Material as "Highly Confidential – Attorney Eyes Only" if such party, in good faith, believes such Discovery Material contains particularly sensitive information, such as internal technical information describing products and processes that the Producing Party maintains as confidential, financial information, customer lists, identification of customers, amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or other organization, the possession of which might give another party in possession of it the opportunity to obtain a competitive advantage. A party to this action may also designate Discovery

Material produced by third parties as "Highly Confidential – Attorney Eyes Only" if it meets the requirements of this paragraph as to that party. Parties who enter into this Order are not prohibited from challenging any "Highly Confidential – Attorney Eyes Only" designations, either among counsel or in filings with the Court.

4. Except as may be expressly permitted under this Order or as otherwise required by law, materials designated as "Confidential" or "Highly Confidential – Attorney Eyes Only" (collectively, "Confidential Information") shall not be used or disclosed by any person or entity for any purpose whatsoever other than the preparation for and trial of this litigation, including any appeals, all of which shall be governed by this Protective Order.

5. The designation of information as "Confidential" or "Highly Confidential – Attorney Eyes Only" for purposes of this Order shall be made in the following manner:

(a) In the case of documents or other materials (apart from depositions or other pretrial testimony): by affixing the legend "Confidential" or "Highly Confidential – Attorney Eyes Only" to each page for which such designation is desired; and

(b) In the case of depositions or other pretrial proceedings: (i) by a statement on the record, by counsel, at the time of such disclosure, or (ii) by written notice, sent by counsel to all parties within twenty-one (21) days after receiving a copy of the certified transcript thereof, but only if the designating party orders the transcript within five (5) days after the deposition or other pretrial

proceeding. Notwithstanding the foregoing, all testimony given at a deposition or pretrial proceeding and each transcript of a deposition or pretrial proceeding shall be presumptively treated as "Highly Confidential – Attorney Eyes Only" material for a period of twenty-one (21) days following receipt of the certified transcript thereof (provided at least one of the parties orders the transcript within five (5) days after the deposition or other pretrial proceeding). Within said twenty-one (21) days, the party claiming confidentiality may inform the other party in writing of the transcript pages which that party designates as "Confidential" or "Highly Confidential – Attorney Eyes Only." Thereafter, pages so designated will be subject to the relevant provisions of this Order. If no such designation is made by a party within twenty-one (21) days after receipt of the certified transcript (provided the transcript was ordered within five (5) days after the deposition or pretrial proceeding), or if neither party orders the transcript within five (5) days after the deposition or pretrial proceeding, the transcript shall be considered not to contain Confidential Information. With respect to proceedings recorded by official court reporters of the Court, nothing herein shall be deemed to alter the obligations of counsel under Fed. R. Civ. P. 5.2 or the *Procedures Governing the Electronic Availability and Redaction of Transcripts (Revised September 2009)* of the Court ("Procedures") (including but not limited to the requirement that a motion be timely filed to secure redaction of material beyond that provided for in paragraph 4 of the Procedures).

6. Discovery Material designated as "Confidential" may be disclosed only to the following:

(a) The named parties to this action, provided the party or its authorized representative signs an Undertaking in the form attached hereto as Exhibit 1.

(b) Counsel of record for the parties in this litigation, including their supporting personnel (e.g., clerical, secretarial, and paralegal personnel) to whom the "Confidential" material is provided and to whom disclosure is reasonably deemed necessary by said counsel during the course of this litigation. Said counsel and such supporting personnel shall hold the "Confidential" material in confidence and shall not disclose it to any other person, directly or indirectly, not authorized to receive it under this Order;

(c) Experts or independent consultants engaged by outside counsel or by the parties to assist in this litigation, which shall use such "Confidential" information solely for purposes of this litigation, provided that each such expert or independent consultant signs an Undertaking in the form attached hereto as Exhibit 1 prior to receiving any material designated "Confidential";

(d) Any person whose testimony is taken or to be taken in this litigation, but only to the extent that such disclosure is necessary during the course of this litigation and subject to this Protective Order; and provided further, that such a person may only be shown copies of material designated "Confidential" during their testimony and in consultation with counsel, and may not retain any such documents or copies, summaries, or extracts thereof. The disclosure of material designated "Confidential" during testimony shall not waive the confidential nature of such information;

(e)     As to any person referred to in the subparagraphs above to whom material designated as "Confidential" may be shown, the attorneys of record shall first inform each such person that such information is confidential, is to be held in confidence, is to be used solely for the purpose of preparing for and presenting evidence in this litigation, and that these restrictions are imposed by this Protective Order or a modified court order;

(f)     Court reporters, videographers, stenographers, photocopy professionals, trial exhibit and/or document management professionals, and/or other personnel affiliated with neither party who provide services to counsel for the parties in this lawsuit; and

(g)     This Court or any other court to which any appeal of this litigation is taken.

7.     Discovery Material designated "Highly Confidential – Attorney Eyes Only" shall be disclosed only to:

(a)     Counsel of record for the parties in this litigation and their supporting personnel (e.g., clerical, secretarial, and paralegal personnel) pursuant to the same terms in paragraph 6(b) above;

(b)     Any expert or consultant hired to assist counsel pursuant to the same terms in paragraph 6(c) above;

(c)     Court personnel, court reporters, stenographers, photocopy professionals, trial exhibit and/or document management professionals, and/or other personnel affiliated with neither party who provide services to counsel for the parties in this lawsuit; and

(d)    Other persons upon order of this Court or upon written consent of the Producing Party.

8.    Discovery Material designated "Highly Confidential – Attorney Eyes Only" shall not be disclosed to anyone other than those persons designated in Paragraph 7(a) - (d) above. By way of illustration, such documents shall not be disclosed to the named parties in this action, their employees, officers, directors, shareholders, members or agents other than those identified in Paragraph 7. Anyone with access to documents designated "Highly Confidential – Attorney Eyes Only" is also prohibited from providing summaries, including verbal summaries, of the information disclosed in those designated documents to anyone not listed in Paragraph 7. Notwithstanding the foregoing, litigation counsel shall be permitted to summarize in general terms such "Highly Confidential – Attorney Eyes Only" information without specific reference to the information itself for the purpose of rendering legal advice regarding the litigation, so long as the substance of such "Highly Confidential – Attorney Eyes Only" information is not revealed.

9.    All documents, briefs, and other papers containing, referring to, or otherwise disclosing Confidential Information which are filed with the Court shall be filed under seal pursuant to Local Rule 5.3, in accordance with the standards set forth in *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016). All such documents filed with the Court shall be conspicuously marked "Confidential" or "Highly Confidential – Attorney Eyes Only," and "Subject to Protective Order" prior to such filing.

10. No person shall make copies, extracts, or summaries of documents containing Confidential Information unless counsel has determined that such copies, extracts, or summaries are necessary for performance of counsel's work during the course of this litigation. Each such copy, extract, or summary shall be conspicuously marked with an appropriate legend signifying its confidential status. Counsel and all other persons to whom Confidential Information is disclosed as permitted herein shall take reasonable and appropriate precautions to avoid loss and/or inadvertent disclosure of materials containing Confidential Information.

11. Nothing in this Order shall be construed as a waiver by the parties of their right to object to any request for discovery on any grounds that may be available. This Order shall not be construed as an agreement by the parties to produce any documents or to supply any information and shall not constitute an admission that any Discovery Material which may exist is relevant in any way to the issues raised in this litigation. The parties reserve the right to seek further and additional protection from the Court in connection with any documents and other information.

12. Any designation of confidentiality by a Producing Party or party may be challenged by any party. The party making such challenge shall first consult with the Producing Party or party making the designation in an attempt to resolve the dispute. In the event the parties are unable to resolve the dispute, the party making the challenge shall submit the matter to the Court for resolution. Pending resolution by the Court, the information in question shall continue to be treated as designated in accordance with the provisions of this Order.

13. Nothing in this Order shall require production of Discovery Material that a Producing Party contends is protected from disclosure by the attorney-client privilege, the attorney work product immunity, or any other applicable privilege or immunity (collectively, "Privileged Information"). Pursuant to Fed. R. Evid. 502 and Fed. R. Civ. P. 26(b)(5)(B), if any Privileged Information is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege claim. Any party that inadvertently or unintentionally produces Privileged Information may obtain the return of such Privileged Information by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced Privileged Information unless such logging is not otherwise required (e.g., a privileged document created after the initiation of this litigation). The recipient(s) shall gather and return all copies of such Privileged Information to the Producing Party, except for any pages containing privileged or otherwise protected markings made by the recipient(s), which pages shall instead be destroyed and certified as such to the Producing Party. If any such Privileged Information is disclosed to others by the receiving party prior to receipt of notice as provided in this paragraph, the receiving party shall identify the recipients to the Producing Party and shall take reasonable steps to promptly effect return or destruction of the disclosed Privileged Information.

14. If a receiving party discovers that it has come into possession of materials that it reasonably should understand would be Privileged Information, and which reasonably appear under the circumstances to have been produced

inadvertently, the receiving party shall notify the Producing Party as soon as reasonably possible. If the Producing Party then confirms that the materials are Privileged Information and were inadvertently produced, the receiving party shall gather and return all copies of such Privileged Information to the Producing Party, except for any pages containing privileged or otherwise protected markings of the receiving party, which pages shall instead be destroyed and certified as such to the Producing Party. The Producing Party shall then provide a privilege log for the inadvertently produced materials to the extent they are otherwise responsive to a discovery request unless such logging is not otherwise required (e.g., a privileged document created after the initiation of this litigation).

15. Each individual who receives any "Confidential" or "Highly Confidential – Attorney Eyes Only" material in accordance with any provision of this Order hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of, this Order.

16. The parties agree to submit this Order for entry by the Court and to be bound by its terms prior and subsequent to entry by the Court. The United States District Court, Eastern District of Michigan, shall retain jurisdiction to enforce the Order even after termination of this lawsuit.

17. The restrictions set forth in any of the paragraphs of this Order shall not apply to Discovery Material produced in this lawsuit and designated as "Confidential" or "Highly Confidential – Attorney Eyes Only" if that Discovery Material:

    (a)    was, is, or becomes public knowledge, not in violation of this Order;

    (b)    is acquired by the receiving party from a third-party having the right to disclose such Discovery Material; or

    (c)    was lawfully possessed by the receiving party prior to execution of the below stipulation, and not subject to any other confidentiality obligation.

    18.    Nothing herein shall be construed as an agreement by the receiving party:

    (a)    that any Discovery Material designated as "Confidential" or "Highly Confidential – Attorney Eyes Only" by a Producing Party is in fact entitled to those designations; or

    (b)    with respect to the competency, relevance or materiality of any Discovery Material.

    19.    Within thirty (30) days after final termination of this litigation, by judgment, order, compromise, or settlement, all Confidential Information must be returned to its Producing Party or otherwise destroyed, except that outside counsel for each of the parties may retain a copy for archival purposes of any discovery response, pleading, brief, deposition transcript and related exhibits, witness statement, or other formal document that contains Confidential Information, and all such retained information shall continue to be subject to the protections of this Order.

    20.    All persons and entities to whom Confidential Information is disclosed shall be bound by the terms of this Order.

**SO ORDERED.**

<u>S/Robert H. Cleland</u>  
United States District Judge


Dated: October 11, 2022

We hereby stipulate to the entry of the Stipulated Protective Order set forth above.

 /s/ Scott R. Eldridge
Scott R. Eldridge (P66452)
Richard W. Warren (P63123)
Lawrence T. Garcia (P54890)
Erika L. Giroux (P81998)
Miller, Canfield, Paddock and Stone, PLC
150 West Jefferson Ave., Suite 2500
Detroit, Michigan 48226
(313) 963-6420
eldridge@millercanfield.com
warren@millercanfield.com
garcia@millercanfield.com
giroux@millercanfield.com

*Attorneys for Plaintiffs*
*Dearborn Mid-West Company, LLC*
*and Dearborn Holding Company, LLC*

Dated: October 7, 2022


 /s/ Shereef H. Akeel
Shereef H. Akeel (P54345)
Hasan Kaakarli (P81099)
Daniel W. Cermak (P84460)
Akeel & Valentine, PLC
888 West Big Beaver Road, Suite 420
Troy, Michigan 48084
(248) 269-9595
shereef@akeelvalentine.com
hasan@akeelvalentine.com
daniel@akeelvalentine.com

*Attorneys for Defendant Ibrahim Eid*

Dated: October 7, 2022

 /s/ Chris M. Parfitt
Chris M. Parfitt (P23821)
Deneweth, Vittiglio & Sassak, P.C.
1175 W. Long Lake Road, Suite 202
Troy, MI 48098
(248) 290-0402
cparfitt@dvs-law.com

*Attorneys for Defendant*
*F M Sylvan, Inc.*

Dated: October 7, 2022


 /s/ Fred K. Herrmann
Fred K. Herrmann (P49519)
Olivia V. Hankinson (P83404)
Kerr, Russell and Weber, PLC
Detroit Center, Suite 2500
500 Woodward Avenue
Detroit, Michigan 48226
(313) 961-0200
fherrmann@kerr-russell.com

*Attorneys for Defendants Stephen*
*Dorchak and Ernest Pandolfi*

Dated: October 7, 2022

## Exhibit 1

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

DEARBORN MID-WEST
COMPANY, LLC, and DEARBORN
HOLDING COMPANY, LLC,

        Plaintiff,

v.

F M SYLVAN, INC., STEPHEN
DORCHAK, ERNEST PANDOLFI,
and IBRAHIM EID,

        Defendants.

Case No. 22-cv-12114-RHC-EAS

Hon. Robert H. Cleland

### UNDERTAKING REGARDING PROTECTIVE ORDER

I, _____, declare that:

1. My residence address is _____, my current employer is _____, and my current occupation is _____.

2. I have received a copy of the Stipulated Protective Order entered by the Court in the above-captioned litigation. I have carefully read and understand the provisions of the Stipulated Protective Order.

3. I will comply with all of the provisions of the Stipulated Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the

Stipulated Protective Order, and will use only for purposes of this action any information designated as "Confidential" or "Highly Confidential – Attorney Eyes Only" that is disclosed to me.

4. Promptly upon termination of these actions, I will return or destroy all documents and things designated as "Confidential" or "Highly Confidential – Attorney Eyes Only" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom or on whose behalf I have been retained.

5. I hereby submit to the jurisdiction of the United States District Court for the Eastern District of Michigan for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signed: _____

By: _____

Date: _____