UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEARBORN MID-WEST COMPANY,
LLC and DEARBORN HOLDING
COMPANY, LLC,                                          Case No. 22-cv-12114

       Plaintiffs,

v.

F M SYLVAN, INC., STEPHEN                    Hon. Sean F. Cox
DORCHAK, ERNEST PANDOLFI,                   United States District Court Judge
IBRAHIM EID, and KIMBERLY
CHERNOFF,

       Defendants.
_____/


## MEMORANDUM OPINION REGARDING DEFENDANT KIMBERLY CHERNOFF'S MOTION FOR LEAVE TO AMEND HER PLEADINGS TO FILE A COUNTER-COMPLAINT AGAINST PLAINTIFF DMW

       This case involves claims for theft of trade secrets and fraud by an employer against its former employees and a competitor that allegedly poached them.  The plaintiffs, Dearborn Mid-West Company LLC ("DMW") and Dearborn Holding Company, LLC, claim that the defendants quit their jobs at DMW to work for their competitor and wrongfully provided it with the plaintiffs' trade secrets.

       The plaintiffs named Kimberly Chernoff as a defendant in this case on January 27, 2023, who worked for DMW from 2010 until December 23, 2021.  Chernoff answered the plaintiff's complaint on February 17, 2023, and did not assert any counterclaims in that pleading.  Chernoff was deposed in connection with this case on June 9, 2023, where she testified that DMW had not properly compensated her for overtime hours she worked for it in 2021.

1

This Court held a status conference on June 20, 2023, where Chernoff did not discuss her deposition testimony or its possible legal implications.  On July 24, 2023, Chernoff moved to amend her answer to assert a counterclaim against DMW under the Fair Labor Standards Act for its alleged failure to properly compensate her for overtime hours she worked for DMW in 2021. Chernoff later claimed that she first learned of the subject-matter of her claim against DMW at her June 9 deposition.

Chernoff's motion was fully briefed, and the Court heard oral argument on November 2, 2023.  Because Chernoff's counterclaim involves proofs that are wholly independent from the subject-matter of the plaintiffs' claims against her and she did not seek to raise her counterclaim for over a year-and-a-half after she learned of it and nearly six months after she was joined as a defendant in this case, the Court orally denied Chernoff's motion to amend at the November 2 hearing.  This memorandum opinion further explains the Court's reasons for denying Chernoff's motion.

## BACKGROUND

The plaintiffs, DMW and Dearborn Holding Company, have supplied conveyer belt systems to automotive manufacturers for many years and have developed numerous proprietary standards and procedures for such systems.  One of the defendants in this case, Kimberly Chernoff, testified in a deposition that she began working for DMW in 2010 and her last day of employment was December 23, 2021.  (*See* ECF No. 79-3, PageID.2458).

The plaintiffs alleged that Chernoff and three other individual defendants, Stephen Dorchak, Ernest Pandolfi, and Ibrahim Eid, breached their employment contracts with DMW when they left to work for F M Sylvan, Inc. ("Sylvan"), the fifth defendant in this case.  The plaintiffs averred that Sylvan was their competitor, and that Chernoff, Dorchak, Pandolfi, and

Eid unlawfully gave Sylvan DMW's trade secrets.  (ECF No. 43).

The plaintiffs named Sylvan, Dorchak, and Eid as defendants in a complaint filed on September 7, 2022.  (ECF No. 1).  The plaintiffs filed an amended complaint on January 27, 2023, in which they joined Chernoff and Pandolfi as defendants.  (ECF No. 43).  In their amended complaint, the plaintiffs asserted federal claims against Chernoff for misappropriation of trade secrets (Count II) and violations of "the Computer Fraud and Abuse Act, 18 U.S.C. §§ 1030 *et seq.*" (Count V).  The plaintiffs also asserted supplemental state-law claims for misappropriation of trade secrets (Count III); conversion (Counts VI and VII); and civil conspiracy (Count VIII).  Chernoff answered the plaintiffs' amended complaint on February 17, 2023, and did not assert any counterclaims in that pleading.  (ECF No. 49).

This case was initially assigned to District Judge Robert Cleland, and he issued a scheduling order on March 14, 2023.  (ECF No. 55).  Judge Cleland's scheduling order set a deadline of July 31, 2023, for "[a]ny motion to amend the complaint, answer or defenses."  (*Id.* at 1537).  Judge Cleland's order also provided that discovery would close on November 30, 2023.  This case was later reassigned to this district judge on May 30, 2023.

Chernoff was deposed in connection with this case on June 9, 2023.  (ECF No. 79-3).  In that deposition, Chernoff discussed an employment-related dispute that had arisen while she was working for DMW:

> My boss at the time [at DMW], John Confer, wasn't giving me the assistance needed, wasn't giving help.  I asked for more money if I was going to have to do more responsibility, and he told me I wasn't getting any more money, and then I said, well, I at least want to be able to charge for the time that I'm working, not just 40 hours, and he said, no, you only have 40 hours to do your job.  I said, I can't do my job in 40 hours, I'm going to start charging overtime, and he said, you won't get paid for it.  Went back and forth, back and forth, and he finally told me, if I didn't like it, there's the org chart, find something else, and if I didn't want to find something, go find something else.

(*Id.* at 2474).

The Court held a status conference on June 20, 2023.  Chernoff did not bring the dispute with DMW that she had discussed during her deposition to the Court's attention during that conference.  The Court issued a new scheduling order that same day, which provided that "[t]he deadline to add parties or amend complaint is: **July 31, 2023**."  (ECF No. 78, PageID.2416 (emphasis in original)).  The new scheduling order did not change the discovery deadline.

Chernoff filed a motion for leave to amend under Fed. R. Civ. P. 15(a)(2) on July 24, 2023.  (ECF No. 79).  The Court assumed that Chernoff wished to amend her answer, since she had not filed any other pleadings.  Chernoff attached a copy of her proposed amended answer to her motion, wherein she asserted a counterclaim against DMW for the very first time, nearly six months after she had been joined as a defendant.  (ECF No. 79-2).

Chernoff's proposed amended pleading alleged that DMW had violated the Fair Labor Standards Act ("FLSA") when it failed to properly compensate her for overtime hours she worked for DMW over a year-and-a-half earlier.  Chernoff argued that she first learned of the subject matter of her counterclaim against DMW during her June 9 deposition weeks earlier. (*See* ECF No. 79, PageID.2432).

Chernoff's motion was fully briefed, and the Court heard oral argument on November 2, 2023.  The Court orally denied Chernoff's motion following oral argument.  This memorandum opinion further explains the Court's reasoning.

## STANDARD OF REVIEW

The Court has "broad discretion in deciding whether to grant leave to amend pleadings," but "leave to amend 'shall be freely given when justice so requires.'"  *Teamsters Local 372 v. Detroit Newspapers*, 993 F. Supp. 1052, 1055 (E.D. Mich. 1998) (quoting Fed. R. Civ. P.

4

15(a)(2)).  This Court does not abuse its discretion if it denies leave to amend due to "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, [or] futility of amendment." *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1993).

## ANALYSIS

Chernoff sought leave to amend to assert an FLSA claim against DMW in this trade-secrets case.  Chernoff's FLSA claim was not compulsory, she unduly delayed in seeking leave to amend, and her FLSA claim would have unduly prejudiced the plaintiffs if the Court had permitted her to assert it.  As such, justice did not require that the Court grant Chernoff's motion to amend and the Court declined to do so.

## I.      Transactional Relatedness

Chernoff's FLSA claim was not compulsory, and therefore she did not waive it under the Federal Rules of Civil Procedure when the Court denied leave to assert it in this case.

Under Fed. R. Civ. P. 13(a), a party *must* plead any compulsory counterclaims that he or she possesses against an opposing party.  A compulsory counterclaim is any claim possessed by a party that "ar[ose] out of the transaction or occurrence that is the subject matter of the opposing party's claim" and "does not require adding another party over whom the court cannot acquire jurisdiction."  Fed. R. Civ. P. 13(a)(1).  And a party *may* plead a counterclaim that is permissive, which is a counterclaim that is not compulsory.  Fed. R. Civ. P. 13(b).

Because Chernoff conceded at oral argument that she could have asserted her FLSA claim in an independent action, she conceded that her FLSA claim was permissive.

## II.     Undue Delay

The plaintiffs argued that Chernoff delayed in asserting her FLSA claim in this case, and

the Court agreed.  A "party requesting leave to amend must 'act with due diligence if it wants to take advantage of [Rule 15(a)]'s liberality.'"  *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000) (quoting *United States v. Midwest Suspension & Brake*, 49 F.3d 1197, 1202 (6th Cir. 1995)).  Chernoff failed to act diligently here.

Chernoff was joined as a defendant in this case on January 27, 2023, and she filed an answer on February 17, 2023.  Chernoff sought leave to amend her answer to assert her FLSA claim against DMW nearly six months later on July 24, 2023, when discovery in this case was already well underway.

Chernoff argued that she did not delay in asserting her FLSA claim because she learned of it when she was deposed in connection with this case on June 9, 2023.  However, Chernoff testified in that deposition that she believed that DMW had not been properly compensating her for overtime hours she worked for it before her and DMW's employment relationship ended on December 23, 2021.  Thus, Chernoff's *counsel* may have become aware of her FLSA claim on June 9, 2023.   But Chernoff, by her own admission, was aware of the factual basis of her FLSA claim while she was still employed by DMW in 2021, over a year-and-a-half before she moved to amend.  Moreover, even if Chernoff learned of the subject-matter of her FLSA claim on June 9, she did not state any intention to raise it at the scheduling conference that the Court held on June 20, 2023.

The plaintiffs argued that Chernoff's delay in asserting her counterclaim was undue because she offered no explanation for her failure to raise her counterclaim for over a year-and-a-half after she learned of it and nearly six months after she was joined as a defendant in this case.  The Court agreed.

Chernoff cited *Kellis v. Alpha & Omega Fin. Servs., Inc.* as support for her contention

that she did not unduly delay in asserting her FLSA claim. No. 09-cv-1626, 2010 WL 4279384 (N.D. Ohio Oct. 25, 2010). But *Kellis* involved a request to amend a complaint to join a new party after discovery had revealed evidence of the plaintiff's claim against the new party. *See id.* at *1. Here, Chernoff possessed her claim against the plaintiffs throughout the duration of this case.

Chernoff's failure to explain her delay in seeking leave to amend militated against a finding that justice required this Court to grant leave to amend, especially when Chernoff conceded that she could have raised her FLSA claim in an independent action.

## III. Undue Prejudice

The plaintiffs asserted that they would have suffered undue prejudice if they were required to defend Chernoff's FLSA claim in this case, and the Court agreed. A party's assertion of a new claim can prejudice an opposing party if "the opponent to expend significant additional resources to conduct discovery and prepare for trial" or the new claim would "significantly delay the resolution of the dispute." *Phelps v. McClellan*, 30 F.3d 638, 663 (6th Cir. 1994). Here, both factors were met.

Chernoff claims that DMW failed to pay her for hours she worked in excess of a forty-hour workweek in violation of the FLSA. *See* 29 U.S.C. § 207(2). Among the issues that could have arisen concerning her claim were whether Chernoff qualified as an employee under the FLSA, *see, e.g.*, *Eberline v. Douglas J. Holdings, Inc.*, 982 F.3d 1006, 1012 (6th Cir. 2020); whether she was properly compensated for overtime hours worked, *see, e.g.*, *Viet v. Le*, 951 F.3d 818, 822 (6th Cir. 2020); and whether she was excepted from the FLSA, *see, e.g.*, *Hurt v. Commerce Energy, Inc.*, 973 F.3d 509, 517 (6th Cir. 2020). Resolving these questions would have required detailed analysis of applicable statutes, administrative regulations, and caselaw.

Moreover, Chernoff claimed that DMW's violations were willful (*see* ECF No. 79-2, PageID.2449), which added another layer of analysis and would have involved an inquiry into the state of mind of decisionmakers at DMW.  *See, e.g.*, *Walsh v. KDE Equine, LLC*, 56 F.4th 409, 416 (6th Cir. 2022).  If the Court had permitted Chernoff to raise her FLSA claim, then the plaintiffs would have had to conduct significant additional discovery unrelated to their claims against Chernoff and the resolution of their claims in this action would have been significantly delayed.

Chernoff cited *Blue Fire Cap., LLC v. Pies & Pints Dev. Partners, LLC* as support for her argument that the plaintiffs will not have been unduly prejudiced if she was permitted her to assert her FLSA claim.  No. 20-cv-2982, 2020 WL 11886041 (S.D. Ohio Aug. 21, 2020).  But *Blue Fire* involved a request to amend a complaint to assert "new claims and additional allegations *regarding the parties' underlying dispute*."  *Id.* at *2 (emphasis added).  Here, as discussed above, Chernoff's FLSA claim was permissive, and therefore *Blue Fire* was inapposite.

The plaintiffs would have been unduly prejudiced if the Court had permitted Chernoff to assert her FLSA claim in an amended answer.

## CONCLUSION

Chernoff could have and can assert her FLSA claim in an independent action.  She unduly delayed in asserting her FLSA claim.  The plaintiffs would have been unduly prejudiced if Chernoff had been permitted to assert her FLSA claim in this case.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  December 20, 2023

8

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 20, 2023, by electronic and/or ordinary mail.

s/Jennifer McCoy
Case Manager